# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY HODGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV02191 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Bradley Hodge, a federal prisoner currently confined at the Memphis Federal Correctional Institution, for a writ of audita querela [ECF No.1].[1]

## **Factual and Procedural Background**

On October 9, 2008, the United States charged petitioner with three criminal counts: (1) conspiracy to possess pseudoephedrine, a List 1 chemical, knowing and having reason to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2); (2) possession of pseudoephedrine, a List 1 chemical, knowing and having reason to believe it would be used to manufacture

---

[1]For statistical purposes and for docketing, the Clerk of Court opened this case as a petition for writ of coram nobis.

methamphetamine, in violation of 21 U.S.C. § 841(c)(2); and (3) and conspiracy to manufacture and distribute more than fifty grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1). Petitioner was appointed counsel upon his indictment and he was represented by counsel at all times thereafter. After a three-day jury trial, petitioner was found guilty on each count. Petitioner was sentenced to three terms of 240 months' imprisonment, with each term to run concurrently. Petitioner appealed to the United States Court of Appeals for the Eighth Circuit. See United States v. Hodge, 594 F.3d 614 (8th Cir. 2010). Petitioner argued that the District Court erred in denying his motion for judgment of acquittal and in determining his sentence. Id. at 616. Petitioner raised additional issues in a pro se supplemental brief and motion. Id. at 620 n.2. The Eighth Circuit rejected these arguments and affirmed in full petitioner's conviction and sentence, specifically writing that "[t]here was overwhelming evidence at trial of a conspiracy to manufacture methamphetamine." Id. at 618.

On February 17, 2011, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. As grounds for relief, petitioner alleged that his trial counsel was ineffective, that his appellate counsel was ineffective, that the United States committed prosecutorial misconduct, and that he was denied a fair trial. On November 15, 2011, after a lengthy discussion of the issues raised, the Court

denied petitioner's motion to vacate and declined to issue him a certificate of appealability. Petitioner failed to file a timely appeal of the denial of his motion to vacate with the Eighth Circuit Court of Appeals.

Instead, on November 19, 2012, petitioner filed the instant petition for writ of audita querela and/or writ of error coram nobis. Additionally, on November 20, 2012, petitioner filed a motion for reconsideration of the denial of his motion to vacate, which the Court will review under separate cover.

### Petitioner's Application for Writ of Audita Querela And/Or Writ of Coram Nobis

Petitioner asserts that his sentences are invalid because he was denied a fair trial before this Court. He claims that (1) the Court "previously overlooked and/or failed to follow, address and entertain the mandatory procedures set forth in 21 U.S.C. § 851 during [petitioner's] sentencing hearing held on March 5, 2009 creating a potential error or 'GAP' in the proceedings" and (2) "the [petitioner's] prior convictions under 21 U.S.C. § 851. . . are further invalid for enhancement purposes" under <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2577 (2010) and its progeny.

### Discussion

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to

the usages and principles of law." Petitioner argues that the writ of audita querela is available in his case.²

Rule 60(b) of the Federal Rules of Civil Procedure abolishes the writ of audita querela with respect to civil actions, but it is at least arguable that the writ is available in criminal actions. See United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (questioning availability of audita querela in criminal actions); United States v. Reyes, 945 F.2d 862, 866 (5th Cir. 1991) (same); United States v. Holder, 936 F.2d 1, 3 (1st Cir. 1991); United States v. Ayala, 894 F.2d 425, 426 (D.C. Cir. 1990); cf. United States v. Morgan, 346 U.S. 502, 511 (1954) (although writ of coram nobis was abolished in civil cases, writ survives in criminal actions). Assuming arguendo that the writ of audita querela is still available, the instant motion should still be denied because the writ is inappropriate in this case.

Audita querela is an old common-law writ which permits a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of judgment.'" United States v. Johnson, 965 F.2d at 582 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §

---

²Petitioner has additionally argued for a writ of error coram nobis. A writ of error coram nobis is available only when the applicant is not in custody. U.S. v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004); U.S. v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002). As petitioner is currently incarcerated, he is not entitled to pursue a writ of error coram nobis.

2687, at 325 (1975)). The question here is whether the issues in the current case are the type of "post-judgment events" for which the writ can be granted.[3]

**Petitioner's Arguments for Audita Querela**

**A.     Petitioner's Contention There Was A GAP in the Proceedings**

Petitioner first claims that the Court "previously overlooked and/or failed to follow, address and entertain the mandatory procedures set forth in 21 U.S.C. § 851 during [petitioner's] sentencing hearing held on March 5, 2009 creating a potential error or 'GAP' in the proceedings."

Although it is not entirely clear, it appears that petitioner is attempting to argue that the Court failed to follow certain statutory procedures, set forth in 21 U.S.C. § 851, during his sentencing hearing relative to the government's filing of a Criminal Information seeking to use two of petitioner's prior felony convictions as sentencing

---

[3]Although the Court has declined to recharacterize the instant motion as one brought pursuant to 28 U.S.C. § 2255, it feels compelled to note that audita querela is not available to raise claims that could have been raised through a motion to vacate sentence under § 2255. See United States v. Torres, 282 F.3d 1241, 1245 (10th Cir.2002). Further, the remedy provided by § 2255 is not rendered inadequate merely because petitioner is subject to a procedural bar. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (en banc). Styling the motion as another type of proceeding does not permit petitioner to evade the statutory requirements governing successive § 2255 motions. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir.2003) (reasoning that prisoners cannot circumvent the limitations on successive motions by attaching other labels to their pleadings).

enhancements. Petitioner asserts, in a conclusory manner, that the Court failed to comply with "§§ 851(b),(c)(1)(c)(2),(d)(1) and (d)(2)." He asserts that the Court failed to follow a multi-step procedure articulated in the statute prior to enhancing his sentence, such that he was somehow prejudiced.[4]

On December 1, 2008, the United States filed a Criminal Information with this Court in petitioner's criminal case. See U.S. v. Hodges, 4:08CR420 ERW, ECF No. 75. The Criminal Information stated, in pertinent part:

> 1. The above defendant is presently indicted in the above-entitled case with violations of Title 21, United States Code, Sections 846 and 841(a)(1).
>
> 2. The defendant was convicted on August 23, 2004, of the felony crime of Possession of a Controlled Substance: Methamphetamine, in Case No. CR304-0813-FX-J1, in the Circuit Court of Jefferson County, Missouri. The defendant was also convicted on June 14, 2004, of the felony crime of Possession of a Controlled Substance: Methamphetamine and Possession of a Chemical with the Intent to Create a Controlled Substance, in Case No. 03CR332663, in the Circuit Court of Franklin County, Missouri.
>
> 3. Because of said convictions and the quantities of methamphetamine charged in this Indictment, the penalty range applicable to defendant, if convicted, is a minimum of ten years and not more than life imprisonment, pursuant to Title 21, United States Code, Section 841(b)(1)(B).

---

[4]The Court is unsure of the "prejudice" suffered by plaintiff. In actuality, petitioner received a sentence which was significantly lower than the sentencing guideline range.

After the filing of the Criminal Information, the matter was tried to jury verdict. On February 27, 2009, petitioner's defense counsel, Eric Butts, filed a document entitled "Defendant's Objections to Presentence Investigation Report and Request for Variance," ECF No. 116, in which Mr. Butts specifically addressed the Criminal Information filed by the Government and made several objections therein, although none specifically to the two prior convictions listed in the Criminal Information. The Court held a sentencing hearing on the matter on March 5, 2009, wherein all issues relative to petitioner's objections to the sentencing enhancement were addressed.[5]

Section 851 specifies the power of the Court to regulate the level of a sentence that may be imposed in a federal criminal case, over which the district court has subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and the district court is not stripped of jurisdiction when the government fails to comply with the provision's procedural requirements. Moreover, the requirements of § 851 can be waived by defendants, even though the statute appears to use mandatory language. See United States v. Mezzanatto, 513 U.S. 196, 201-03 (listing examples of numerous other statutory and constitutional guarantees that are waivable).

---

[5]The Court notes, for the record, that petitioner never specifically denied the two prior convictions in either the sentencing hearing or in the objections to the presentencing report.

The Court has reviewed the statutory requirements of § 851, as well as the aforementioned record, and believes that it has fulfilled all of the obligations, not previously waived by petitioner, under § 851. Regardless, the Court does not believe that a writ of audita querela is the proper procedural posture to raise such an issue, as normally such objections are raised on direct appeal or in a petitioner's post-conviction relief motion. Petitioner's last-gasp effort of his "GAP argument" is simply unavailing in this petition for writ of audita querela.

**B.     Petitioner's Arguments Based on <u>Carachuri-Rosendo</u> and <u>Haltiwanger</u>**

Petitioner next argues that his prior convictions under 21 U.S.C. § 851 are invalid for enhancement purposes under <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2577 (2010) and the Eighth Circuit case <u>U.S. v. Haltiwanger</u>, 637 F.3d 881 (8th Cir. 2011). In 2010, the Supreme Court held, in <u>Carachuri-Rosendo</u>, that the question of whether a prior conviction is an "aggravated felony" as used in the Immigration and Nationality Act ("INA") must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct. In <u>Haltiwanger</u>, the Supreme Court vacated an Eighth Circuit Court of Appeals decision and remanded it back to the Circuit for further consideration in light of <u>Carachuri–Rosendo</u>. See <u>Haltiwanger v. United States</u>, 131 S.Ct. 81 (2010). On remand, the Eighth Circuit held that the defendant's state conviction did not qualify as

a prior felony drug offense in view of Carachuri–Rosendo. See Haltiwanger, 637 F.3d at 883. The court noted that under Kansas law, a defendant's criminal history is tied to the maximum term of imprisonment which may be imposed for a violation of the drug tax stamp law. As such, only recidivists with three or more felonies involving offenses against a person would be subject to a maximum term of imprisonment of more than one year, i.e., a felony term. Because defendant Haltiwanger was not classified as a recidivist, no sentence in excess of seven months of imprisonment, i.e., a misdemeanor term, should have been imposed. Therefore, because Haltiwanger was never actually sentenced to serve more than one year based on his criminal history, the Eighth Circuit determined it was not proper to consider his prior offense a felony, and ordered the case remanded to the district court for resentencing. Id.

Petitioner appears to compare his circumstances to those in Haltiwanger, and he asserts he is entitled to similar relief.[6] He claims his federal sentence was enhanced based on two prior convictions that would not qualify as "aggravated felonies" for sentencing purposes under Carachuri-Rosendo. Based on the holding of Carachuri-

---

[6]Unlike the defendant in Haltiwanger, who timely appealed his career offender status, petitioner failed to mention in his either his direct appeal or in his motion for post-conviction relief his assertion that he had been improperly designated a career offender under U.S. S.G. § 4B 1.1. Interestingly, petitioner's writ of certiorari was denied by the Supreme Court only seven days before the opinion was issued in Carachuri-Rosendo. Hodge v. United States, No. 09-10629 (June 7, 2010).

Rosendo, petitioner argues that this Court erred in its calculation of his sentencing guideline range. Because his actual time-served on his prior convictions was less than one year, petitioner argues that they cannot be used to satisfy his designation as a career offender pursuant to U.S. S.G. § 4B 1.1. Thus, petitioner requests a resentencing hearing to vacate his career criminal designation and to adjust his sentence accordingly.

Unfortunately, the United States Supreme Court has not declared this new rule of constitutional law retroactive. See Rodgers v. United States, 229 F.3d 704, 706 (8th Cir.2000) (quoting In re Vial, 115 F.3d 1192, 1197 (4th Cir .1997)) (citation omitted) ("[A] new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding."). Therefore, the reasoning of these cases does not, at this time, retroactively alter petitioner's sentence. See, e.g., United States v. Powell, 691 F.3d 554 (4th Cir. 2012). As such, this Court has no basis under which to entertain petitioner's arguments.

## C. Can Petitioner's Arguments Be Raised in An Application for Writ of Audita Querela?

The true procedural question is whether petitioner's arguments can be brought in an application for writ of audita querela. The Court's research indicates that they cannot. Even assuming, for example, that petitioner's assertions under the holding of Carachuri-Rosendo had some merit, the courts that have considered the question of whether a post-judgment change in the law is a grounds for audita querela relief have answered in the negative. See Ayala, 894 F.2d at 429 n. 8; United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Ames v. Sears, Roebuck and Co., 536 A.2d 563, 566 (1988). This is true even in cases where the post-conviction change in law could not be raised in a collateral action, such as a motion to vacate brought pursuant to § 2255. Ayala, 894 F.2d at 429 n.8. As noted by the District of Columbia Circuit in Ayala:

> To be sure, not all post[-]judgment changes in law may be raised in a § 2255 proceeding. See Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 1075-77, 103 L.Ed.2d 334 (1989) (plurality). But we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated "retroactivity" rules.

Id. This Court agrees. Furthermore, this reasoning extends to all the other types of writs that may be issued under the All Writs Act. Thus, petitioner's claims cannot be properly brought before this Court under an application for writ of audita querela.

-11-

The petitioner seems to argue that the writ of audita querela may fill a gap left by § 2255, when a case does not apply retroactively on collateral review. However, this Court respectively disagrees. The retroactivity rules relied upon by this Court are one of § 2255's valid gatekeeping requirements. And this Court will continue to follow the majority of Courts who find that a motion for a writ of audita querela is an inappropriate method to circumvent the laws of retroactivity and time limitations of 28 U.S.C. § 2255. See, e.g. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir.2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."); see also Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Torres, 282 F.3d at 1246 ("Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.").

In light of the aforementioned, respondent's motion to dismiss will be granted and petitioner's application for a writ of audita querela will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for a writ of audita querela and/or for writ of error coram nobis [ECF No. 1] is **DENIED**.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss [ECF No. 2] is **GRANTED**.

A separate Judgment shall accompany this Memorandum and Order.

So Ordered this 21st day of March, 2013.

                    E. RICHARD WEBBER
                    SENIOR UNITED STATES DISTRICT JUDGE